**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TOMMY DEAN BAKER,

         Appellant,

       v.

DEPARTMENT OF THE ARMY,

         Agency.

DOCKET NUMBER
PH-0752-18-0217-X-1

DATE: May 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tommy Dean Baker</u>, Mount Hope, West Virginia, pro se.

<u>Daniel S. Lacy</u>, North Chicago, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      In a March 28, 2019 compliance initial decision, the administrative judge found the agency in noncompliance with a settlement agreement that had been entered into the record for enforcement by the Board in the underlying appeal and granted the appellant's petition for enforcement. *Baker v. Department of the*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* <u>5 C.F.R. § 1201.117</u>(c).

*Army*, MSPB Docket No. PH-0752-18-0217-C-1, Compliance File (CF), Tab 5, Compliance Initial Decision (CID); *Baker v. Department of the Army*, MSPB Docket No. PH-0752-18-0217-I-1, Initial Appeal File, Tab 15, Initial Decision (ID).[2]  For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2    In the compliance initial decision, the administrative judge found the agency in noncompliance with the settlement agreement to the extent it failed to cancel the appellant's 30-day suspension and replace it with a 14-day suspension, document such replacement in the appellant's Official Personnel Folder (OPF), and pay him appropriate back pay.[3]  CID at 3-7.  Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to: (1) cancel and replace the appellant's 30-day suspension with a 14-day

---

[2] The June 26, 2018 initial decision entering the settlement agreement into the record for enforcement and dismissing the appeal as settled became the final decision of the Board on July 31, 2018, after neither party filed a petition for administrative review. ID at 3.

[3] The administrative judge also held that the settlement agreement did not violate Executive Order (EO) 13839, section 5, and that the EO did not preclude the agency from complying with the settlement term requiring it to reduce the 30-day suspension to a 14-day suspension.  CID at 5-6.  Although neither party has challenged this finding, we address it because the administrative judge properly accepted the settlement agreement into the record for enforcement only if the settlement agreement was lawful. *See Massey v. Office of Personnel Management*, 91 M.S.P.R. 289, ¶ 4 (2002) (before accepting a settlement agreement into the record for enforcement, the Board must determine, among other things, whether the agreement is lawful on its face), *overruled on other grounds by Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 11-21 (2017) (holding that the Board may enforce settlement agreements that have been entered into the record, independent of any prior finding of Board jurisdiction over the underlying matter being settled).  We agree with the administrative judge's reasoning and conclusion regarding the lawfulness of the settlement agreement, and find that the settlement agreement was properly entered into the record for enforcement.  We additionally note that EO 13839 was revoked on January 22, 2021, via EO 14003, and that the Office of Personnel Management repealed its regulations implementing EO 13839 on December 12, 2022.

suspension, and document this change on a Standard Form (SF) 50, which was to be placed in the appellant's OPF; and (2) pay the appellant back pay as specified by paragraph 3(b) of the settlement agreement.  CID at 7.

¶3    Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114.  As such, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance.  *Baker v. Department of the Army*, MSPB Docket No. PH-0752-18-0217-X-1, Compliance Referral File (CRF), Tab 1.  In a May 6, 2019 acknowledgment order, the Clerk of the Board directed the agency to submit evidence showing it had complied with the actions identified in the compliance initial decision.  *Id.* at 3.  The Clerk informed the appellant that he could respond to any submission from the agency within 20 calendar days of the submission and that, if he did not respond, the Board might assume he was satisfied and dismiss his petition for enforcement.  *Id.*

¶4    On May 21, 2019, the agency submitted two compliance submissions to the Board.  CRF, Tabs 2-3.  Therein, the agency stated and provided evidence reflecting that it had removed from the appellant's OPF the SF-50 documenting the 30-day suspension and replaced it with one showing a 14-day suspension.  CRF, Tab 2 at 4-6.  The agency also stated and provided evidence showing that it gave corrected timecards and time and attendance records to the Defense Finance and Accounting Service (DFAS) so that DFAS could process the appellant's back pay.  CRF, Tab 2 at 4, 7, Tab 3 at 3-5.  The appellant did not respond to the agency's compliance submissions despite being notified of his opportunity to do so and being cautioned that the Board might assume he is satisfied and dismiss his petition for enforcement if he did not respond.  Accordingly, we assume that the appellant is satisfied with the agency's compliance.  *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶5      In light of the agency's evidence of compliance and the lack of any response from the appellant, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, <u>582 U.S. 420</u> (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.